

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JBD
F.#2023R00044

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 9, 2024

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Mike Josie
     Criminal Docket No. 23-43 (EK)

Dear Judge Komitee:

  The government respectfully submits this letter in anticipation of sentencing in the above-referenced case, which is scheduled for December 16, 2024 at 10:30 a.m. The defendant entered a guilty plea in this matter on May 23, 2024 to one count of Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951(a), and to one count of possessing and brandishing a firearm during a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). For the reasons set forth below, the government respectfully submits that a sentence within the applicable advisory United States Sentencing Guidelines Range of 111-117 months' imprisonment is warranted in this case.

 I. Background

  A. Offense Conduct and Pre-Trial Proceedings

  On the evening of January 13, 2023, the defendant and two co-defendants, Eddie Hoover and Hamidou Sarr, entered a convenience store on Guy R. Brewer Boulevard in Queens, New York (the "Convenience Store") and robbed it at gunpoint, while a third co-defendant, Ramell Hoover (Eddie Hoover's uncle) waited in a getaway car nearby. (Presentence Investigation Report ("PSR") at ¶¶ 6-7.) During the robbery, the defendant brandished a loaded handgun, while he and Sarr took money, marijuana and other goods. (PSR ¶ 7.) Prior to leaving the store, Josie assaulted a sixteen-year-old store clerk with the loaded handgun. (Id.) The minor victim was in a crouched, prone position when the defendant hit him on the head with his handgun gratuitously and without provocation.

NYPD officers arrived at the scene shortly after the defendants left the convenience store and gave chase to the defendants. Hoover and Sarr were arrested wearing the same dark plastic bags covering their shoes that they were seen wearing in security camera footage from the Convenience Store. (PSR at ¶ 9.) The defendant was arrested after being found hiding underneath a car several blocks away. (PSR at ¶ 12.) Security camera footage captured the defendant dropping a black bag, which was found to contain the loaded firearm used in the robbery, as well as marijuana and marijuana paraphernalia stolen from the convenience store. (Id. at ¶ 11.)

Following his arrest on a complaint in this matter, the defendant was arraigned and ordered remanded on January 15, 2023 due to both the risk of danger he posed to the community and his risk of flight. A grand jury sitting in this district returned a three-count indictment against the defendant and his co-defendants on January 27, 2023 on the following counts: conspiracy to commit Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951(a); Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951(a), and possessing and brandishing a firearm during a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (ii).

In addition to the defendant, all three of his co-defendants have now pled guilty to charges arising from the Convenience Store robbery. One co-defendant, Eddie Hoover, was sentenced to 48 months' imprisonment on October 21, 2024. Unlike the defendant, Eddie Hoover was not facing a mandatory minimum sentence pursuant to Section 924(c).

B. The Defendant's Criminal History

The defendant has no prior adult convictions. However, approximately six months before his participation in this crime, the defendant struck and killed a 43-year-old woman with his vehicle. (PSR ¶ 40.) Video of the incident shows the vehicle the defendant was driving striking the woman at an intersection and then speeding away. Following his arrest in this case, Josie was charged by the Kings County District Attorney's office with manslaughter, assault, reckless endangerment, leaving the scene of an accident, and criminally negligent homicide. (PSR ¶ 40.) Those charges remain pending.

Moreover, the defendant incurred two serious disciplinary infractions while at the MDC. The first was for assault with serious injury and possession of a dangerous weapon on May 26, 2024, and the second was for stealing on July 16, 2024. (PSR ¶ 53.) Notably, both of these offenses occurred after the defendant's May 23, 2024 guilty plea in this matter.

II. Applicable Law

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 125 S. Ct. 738, 764-65 (2005). However, the Supreme Court held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

2

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [The district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted). Those statutory factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed [] (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[,]" 18 U.S.C. § 3553(a)(2).

### III.    Sentencing Guidelines Calculation and Proposed Enhancement

The defendant's applicable Guidelines range for both counts of conviction is 111-117 months' imprisonment. Specifically, for Count Two (Hobbs Act Robbery), the defendant's base offense level is 20; he receives a one-point enhancement because a controlled substance, marijuana, was taken during the robbery; and he receives a three-point reduction for acceptance of responsibility, which results in an adjusted offense level of 18. The adjusted offense level results in a Guidelines range of 27-33 months' imprisonment. For Count Three (Possessing & Brandishing a Firearm During a Crime of Violence) the defendant faces a mandatory-minimum sentence of 84 months' imprisonment. Adding the mandatory minimum sentence for Count Three to his adjusted Guidelines range for Count Two results in an effective range of 111-117 months.

### IV.    Discussion

A sentence within the Guidelines range would fulfill the goals of Title 18, United States Code, Section 3553(a). In particular, a Guidelines sentence would reflect the seriousness of the offense and the defendant's surrounding conduct; account appropriately for his history and characteristics; prevent the defendant from continuing to engage in violent and dangerous conduct; and afford adequate deterrence to others similarly situated.

As an initial matter, the conduct here is serious and incredibly dangerous. The defendant brandished a loaded gun during an armed robbery of a busy convenience store during normal store hours. He threatened customers and store employees and assaulted a sixteen-year-old store clerk in an inexplicable act of violence. His conduct placed numerous people—including bystanders who could have been struck by an errantly fired bullet—at grave risk of serious injury or death.

Likewise, the defendant's history and characteristics—specifically, his history of violence—illustrate why a Guidelines sentence is appropriate. While the defendant is in criminal history category I, his recent behavior indicates that the charged crime is not an isolated incident. Not only did the defendant commit this violent crime in the months after he killed a victim with his car—and then sped away from the scene—but he has continued to engage in serious criminal conduct while in jail. It is particularly troubling that the defendant would engage in both theft and commit a serious assault after pleading guilty and while awaiting sentencing in this case. The defendant's persistent refusal to avoid engaging in violent and dangerous conduct, even while incarcerated, shows clearly why a significant prison term is necessary here.

In the same vein, the need for deterrence—both specific and general—is strong in this case. The defendant's actions reflect his clear unwillingness or inability to conform his conduct to the law. He killed someone with his car; committed an armed robbery of a convenience store; assaulted an innocent, minor victim with a gun during that robbery; and then kept engaging in violent and illegal conduct in jail. A significant sentence is necessary to protect the public from the defendant's crimes. General deterrence concerns are also particularly applicable here given that the charged crime involved putting numerous innocent people in grave danger and involved stealing marijuana, which, given its complicated regulatory status, the defendants (and others similarly situated) presumably thought would not trigger a significant law enforcement response.

Finally, a sentence within the Guidelines range here would not lead to unwarranted sentencing disparities. As noted above, one of Josie's co-defendants, Eddie Hoover, has been sentenced to 48 months' imprisonment in this matter. Unlike this defendant, Eddie Hoover did not carry or brandish a firearm and did not threaten or assault any customers or store employees. A sentence significantly more severe than Eddie Hoover's is necessary here to reflect the defendant's significantly higher culpability in this case.

V.     <u>Restitution & Forfeiture</u>

The defendant's plea agreement stipulates to a restitution order of $475.00 and to forfeiture of the firearm and ammunition he used during the robbery.

VI.    <u>Conclusion</u>

        For the foregoing reasons, the government respectfully submits that a sentence within the Guidelines range is sufficient but not greater than necessary to accomplish the goals of sentencing.

Respectfully submitted,

BREON PEACE<br>
United States Attorney

By:        /s/<br>
        Joshua B. Dugan<br>
        Assistant U.S. Attorneys<br>
        (718) 254-6144

cc:    Clerk of the Court (EK) (by ECF)<br>
       Eylan Schulman, Esq. (by ECF)